THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY TAYLOR** | **CIVIL ACTION NO. 3:18-cv-01110** |
| **VERSUS** | **JUDGE SHELLY D. DICK** |
| **UNION PACIFIC RAILROAD COMPANY, INC.** | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE EXPENSES**

**MAY IT PLEASE THE COURT:**

Plaintiff, Johnny Taylor, through undersigned counsel, respectfully submits the following Memorandum in Support of His Motion for Attorneys' Fees and Non-Taxable expenses under Rule 54(d)(2) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff respectfully submits that his motion should be granted.

**I.   INTRODUCTION**

Plaintiff's counsel has worked on this case for over four (4) years, has billed almost six hundred (600) hours, and achieved a seven (7)-figure verdict in favor of Mr. Taylor. Under the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"), Mr. Taylor's attorneys are entitled to reasonable compensation for their time and expenses.

Plaintiff's counsel billed 623.15 hours in this case but are only seeking reimbursement for 592.4 hours, for a total of $150,518.75. Of the 623.15 hours, 30.75 hours have been waived or reduced in the exercise of billing judgment in connection to this fee application, or were otherwise not charged to Mr. Taylor.

1

Plaintiff is also seeking a total of $4,882.72 in costs and expenses that are not taxable under 28 U.S.C. § 1920.

Plaintiff's counsel is currently in the process of attempting to reach an agreement with Union Pacific regarding the amount of attorneys' fees and expenses to which Plaintiff's counsel is entitled. Further, the judgment issued herein was not a final judgment but a "partial judgment," as this Court has deferred rulings on equitable relief and other related matters. Nonetheless, Plaintiff respectfully submits this motion out of an abundance of caution, as Fed. R. Civ. P. 54(d)(2)(B) requires that a motion for attorneys' fees and nontaxable expenses be filed "no later than 14 days after the entry of judgment."

## II. APPLICABLE LAW

This motion is before the Court under Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, which provides that "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." The FRSA provides that a successful plaintiff is entitled to "litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 20109(e)(2)(C). Traditionally, an award of attorneys' fees in an FRSA case is determined via post-trial motions. *See, for e.g., Wooten v. BNSF Ry. Co.*, 387 F. Supp. 3d 1078, 1090-91 (D. Mont. 2019); *Monohon v. BNSF Ry. Co.*, 2016 WL 11651712, 2016 U.S. Dist. LEXIS 197680 (S.D. Iowa Dec. 27, 2016); *James v. CSX Transp. Inc.,* 2017 U.S. Dist. LEXIS 143641, at *1-2 (M.D. Ga. Feb. 21, 2017).

Fed. R. Civ. P. 54(d)(2)(B) provides that such a motion must:

> "(i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and

2

> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."

Rule 54(b)(1) of this Honorable Court's Local Rules provides that:

> "In all cases where attorney's fees are sought, the party desiring to be awarded such fees shall submit to the Court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."

In *Ford v. Recovery Sols. Grp.*, LLC, 2019 WL 2359561, 2019 U.S. Dist. LEXIS 93689 (M.D. La. May 31, 2019) (Jackson, J.), this Court summarized the standards for review of a fee application as follows:

> First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, using twelve factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

*Id.* at *9.

## III. THE HOURLY RATES SOUGHT BY PLAINTIFF'S COUNSEL ARE REASONABLE

In determining whether the hourly rate sought by an attorney is reasonable, the Court should consider: (i) "an affidavit of the attorney performing the work"; (ii) "information of rates actually billed and paid in similar lawsuits"; (iii) "affidavits of other attorneys practicing in the community in question"; and (iv) "the attorneys' regular rates." *Mascarella v. CPlace Univ. SNF*, LLC, 2016 U.S. Dist. LEXIS 9396, at *7 (M.D. La. Jan. 27, 2016). Additionally, "the Court may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services." *Hamdan v. Tiger Bros. Food Mart*, 2018 U.S. Dist. LEXIS 101512, at *34 (M.D. La. May 22, 2018) (Wilder-Doomes, M.J.). The Court may also consider any fee agreement with the attorneys' client. *See* Fed. R. Civ. P. 54(d)(2)(B)(iv).

3

Plaintiff's counsel seeks to be reimbursed for their time at the following rates:

1. $450 per hour for J. Arthur Smith, III, an attorney with fifty (50) years of experience in labor and employment law;

2. $225 per hour for Robert Moseley Schmidt, an attorney with four (4) years of experience, primarily in labor and employment law;

3. $225 per hour for J. Arthur Smith, IV, an attorney with five (5) years of experience, primarily in labor and employment law; and

4. $100 per hour for the paralegals and law clerks who worked on this case.

All three (3) attorneys have submitted declarations[1] attesting to their experience, the work performed in this case, and their standard hourly rates.[2] Plaintiff has also attached declarations by three (3) attorneys with knowledge of the rates charged by labor and employment attorneys in this District, who attest that the above rates are reasonable: retired U.S. Magistrate Judge Mildred E. Methvin,[3] Allison Jones,[4] and Robert Landry.[5]

For these and the following reasons, Plaintiff respectfully submits that the hourly rates sought herein are reasonable.

### A. J. Arthur Smith, III

J. Arthur Smith, III has approximately fifty (50) years of experience in labor and

---

[1] *See* Ex. D - Decl. of J. Arthur Smith, III under 28 U.S.C. § 1746 (Dec. 21, 2021); Ex. E – Decl. of Robert Moseley Schmidt under 28 U.S.C. § 1746 (Dec. 21, 2021); Ex. F – Decl. of J. Arthur Smith, IV 28 U.S.C. § 1746 (Dec. 21, 2021).

[2] The current, standard hourly rates of Robert Schmidt and J. Arthur Smith, IV are the same as what is being sought herein: $225 per hour. Ex. A at ¶ 16. As explained in the declaration of J. Arthur Smith, III, Mr. Smith, III's standard hourly rate is $400 per hour. *Id.* However, he is seeking a rate of $450 per hour in this case to reflect the prevailing market rates and the value of the work performed in this case. *Id.* Although Mr. Smith, III does not regularly charge clients $450 per hour (primarily because many employment discrimination plaintiffs could not afford such a rate – *see id.*), Plaintiff respectfully submits that $450 per hour is a reasonable rate for an attorney with fifty (50) years of employment litigation experience.

[3] Ex. G – Decl. of Mildred E. Methvin under 28 U.S.C. § 1746 (Dec. 20, 2021).

[4] Ex. H – Decl. of Allison Jones under 28 U.S.C. § 1746 (Dec. 21, 2021).

[5] Ex. I – Decl. of Robert Landry under 28 U.S.C. § 1746 (Dec. 21, 2021).

employment litigation. The undersigned was unable to find decisions by this Court establishing reasonable rates of attorneys with comparable experience in the field of labor and employment litigation, likely because there are very few attorneys with fifty (50) years of experience. However, considering the amounts awarded to attorneys with decades of experience, Plaintiff respectfully submits that $450 per hour is a reasonable rate for an attorney with Mr. Smith, III's experience. For example:

1. In *Mealy v. Gautreaux*, 2020 WL 96897, 2020 U.S. Dist. LEXIS 2536, at *4-5 (M.D. La. Jan. 8, 2020), Magistrate Judge Bourgeois awarded fees at the rate of $300 per hour to an attorney with sixteen (16) years of experience – less than one-third (1/3) of the experience of Mr. Smith, III.

2. In *Clark v. Stat Care Clinics,* 2018 WL 11319416, 2018 U.S. Dist. LEXIS 243864, at *7-8 (M.D. La. July 9, 2018), Judge DeGravelles awarded a rate of $350 per hour in a Fair Labor Standards Act case to an attorney with twenty-five years of experience – less than half of the experience of Mr. Smith, III.

3. In *Ball v. LeBlanc*, 2015 WL 5749458, 2015 U.S. Dist. LEXIS 133874, at *11-12 (M.D. La. Sep. 30, 2015), Judge Jackson awarded $300 per hour to an attorney with twenty-two (22) years of experience. Adjusted for inflation, this would represent a rate of approximately $351.81 per hour in 2021.[6]

4. In *Hamdan v. Tiger Bros. Food Mart,* 2018 U.S. Dist. LEXIS 101512, at *35 n.130 (M.D. La. May 22, 2018), Magistrate Judge Wilder-Doomes awarded $375 per hour to an attorney with thirty (30) years of field-specific experience in intellectual property law – twenty (20) years less experience than Mr. Smith, III has in the field of labor and

---

[6] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).

employment law.

5. In *Alonso v. Westcoast Corp.,* 2017 U.S. Dist. LEXIS 154866, at *21 (M.D. La. Sep. 21, 2017), Judge Jackson awarded $340 per hour to an attorney with thirty (30) years of experience – twenty (20) years less than Mr. Smith, III. Adjusted for inflation, this would represent a rate of approximately $385.53 in 2021.[7]

The closest that the undersigned found to a case awarding a similar rate to an attorney with comparable experience was a 2015 decision in the nearby Eastern District of Louisiana. In *Jefferson v. Baywater Drilling, LLC*, 2015 U.S. Dist. LEXIS 155110, at *7 (E.D. La. Sep. 16, 2015), the court awarded $450 per hour to an attorney with forty (40) years of experience in maritime law – ten (10) less years of experience than Mr. Smith, III has in labor and employment law. Adjusted for inflation, this would represent a rate of approximately $527.71 per hour in 2021.[8]

Not only does Mr. Smith, III have fifty (50) years of experience in the practice of law, but the majority of this experience has been in labor and employment cases such as this one. He oversaw the case from its inception, made all final decisions with respect to strategy, performed opening and closing arguments, and questioned several witnesses at trial.[9] It cannot reasonably be questioned that Mr. Smith, III's extensive experience in labor and employment law played a substantial role in the excellent result obtained in Mr. Taylor's favor at trial. Thus, Plaintiff respectfully submits that Mr. Smith, III is entitled to be compensated at a rate of $450 per hour.

### B. Robert Schmidt and J. Arthur Smith, IV

Mr. Schmidt and Mr. Smith, IV seek to be compensated at the rate of $225 per hour. These attorneys have four (4) and five (5) years of experience, respectively, in the field of labor and

---

[7] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).
[8] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).
[9] Ex. D at ¶ 9.

employment law. $225 is the standard hourly rate charged by Mr. Schmidt and Mr. Smith, IV as of 2021.

Mr. Schmidt billed over four hundred (400) hours in this case. He took three (3) depositions, performed the majority of the legal research and writing, questioned the majority of the witnesses at trial, prepared outlines for the examination of all witnesses at trial, and was responsible for the day-to-day management of the case.[10]

Mr. Smith, IV billed 14.5 hours in this case, which consisted of preparing for and defending the deposition of Plaintiff's expert, Lamar Jones, assisting in the preparation of the parties' joint status report, and participating in docket management. Under Smith Law Firm's calendaring system, Mr. Smith, IV is the first attorney to review pleadings, discovery and all documents setting deadlines or which trigger deadlines in all cases. Mr. Smith, IV then calculates and/or determines any dates or deadlines established by these documents and adds them to the firm's calendaring system, which requires a working knowledge of substantive and procedural law and procedure. Items Mr. Smith, IV adds to the firm calendar are then double-checked by Mr. Schmidt and then by Smith Law Firm's staff. A substantial portion of the time that Mr. Smith, IV billed in this case (approximately 5.25 hours) was for such calendaring.[11]

The jurisprudence supports an award of $225 per hour for Mr. Schmidt's and Mr. Smith, IV's legal work. For instance, the following decisions from various sections of this Court are instructive:

1. In 2015, Judge Jackson awarded $225 per hour to an attorney with six (6) years of experience and $200 per hour for an attorney with four (4) years of experience. *Ball*,

---

[10] *See* Ex. D at ¶ 10; Ex. E at ¶ 5.
[11] *See* Ex. F at ¶ 5.

7

   2015 U.S. Dist. LEXIS 133874, at *8-11. Adjusted for inflation, these would represent rates of approximately $263.86 and $234.54 in 2021.[12]

2. In *Ford v. Recovery Sols. Grp., supra.*, Judge Jackson awarded $250 per hour to an attorney with four (4) years of experience in the field of consumer law. *Ford*, 2019 U.S. Dist. LEXIS 93689, at *9.

3. In *Winget v. Corp. Green, Ltd. Liab. Co.,* 2011 U.S. Dist. LEXIS 57852, at *18-20 (M.D. La. May 31, 2011), Magistrate Judge Noland awarded $250 per hour to an attorney with seven (7) years of experience. Adjusted for inflation, this would represent a rate of approximately $308.91 in 2021.[13]

4. In *Frazier v. Radioshack Corp.,* 2012 U.S. Dist. LEXIS 47496, at *3 n.3 (M.D. La. Apr. 4, 2012), Magistrate Judge Noland referenced a 2008 decision (which the undersigned was unable to find) in which Her Honor awarded $175 per hour to an attorney with approximately eight (8) years of experience. Adjusted for inflation, this would represent a rate of approximately $225.92 in 2021.[14]

Further, although "The prevailing market fee is generally determined by affidavits filed by attorneys practicing in the area," this Court has held that "markets of comparable sizes can be informative in determining the prevailing market rate of another district." *Int'l Constr. Equip., Inc. v. Laborde Constr. Indus., LLC*, 2017 WL 2423056, 2017 U.S. Dist. LEXIS 85749, at *5 n.24 (M.D. La. June 5, 2017) (citations omitted). This Court has recognized that hourly rates of attorneys in New Orleans may be considered in determining the hourly rate of an attorney in Baton Rouge because, "after Hurricane Katrina, the size of New Orleans and Baton Rouge became more

---

[12] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).
[13] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).
[14] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).

comparable." *Id.* (citations omitted). The following decisions from the Eastern District of New Orleans are instructive in determining Mr. Schmidt's and Mr. Smith, IV's hourly rates:

1. In *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135253, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014), the court awarded $225 per hour to an attorney with four (4) years of experience. Adjusted for inflation, this would represent a rate of approximately $264.17 in 2021.[15]

2. In *Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.,* 2017 U.S. Dist. LEXIS 25854, 2017 WL 736044, at *2 (E.D. La. Feb. 24, 2017), *aff'd*, 2017 U.S. Dist. LEXIS 80231, 2017 WL 2274954 (E.D. La. May 25, 2017), the court awarded $210 per hour to an attorney with four (4) years of experience. Adjusted for inflation, this would represent a rate of approximately $238.12 in 2021.[16]

3. In *Bode v. Kenner City*, No. CV 17-5483, 2018 U.S. Dist. LEXIS 169099, 2018 WL 4701541, at *7 (E.D. La. Oct. 1, 2018), a First Amendment case, the court approved an hourly rate of $225 for a partner with three (3) years of experience primarily in another field, and $200 for an associate with four (4) years of experience including First Amendment cases.

Considering the foregoing jurisprudence, the experience and skill of the attorneys, the work performed on the case, the result achieved, and the attached declarations, Plaintiff respectfully submits that $225 is a reasonable hourly rate for Mr. Schmidt and Mr. Smith, IV.

### IV.   THE HOURS EXPENDED ARE REASONABLE

---

[15] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).
[16] *See* https://www.usinflationcalculator.com/ (last accessed Dec. 20, 2021).

Plaintiff's counsel billed a total of 623.15 hours in this case. The vast majority of this time was billed by Mr. Schmidt (409.30 hours) and Mr. Smith, III (119.85 hours). Plaintiff's counsel is only seeking reimbursement for 592.4 hours.

Attached hereto as Exhibit A is a timesheet prepared by Plaintiff's counsel. It includes entries that are waived in connection with this fee application and entries that were never charged to Mr. Taylor and are not being sought herein.

Plaintiff's counsel records their time each day, contemporaneously with the work performed. They then, on a regular basis, input their time into a database in PC Law, a computer program. At the end of each month, they review clients' bills for accuracy and exercise billing judgment by "no-charging" (declining to charge) certain entries.[17]

Plaintiff's counsel, with the assistance of legal assistant Lauren Jeansonne and contract paralegal Jill Jordan, used a printout from PC Law of all time and expenses to create an Excel spreadsheet. Counsel then coded the spreadsheet to reflect the rates and amounts sought and the total hours and amounts billed by each biller. Counsel then reviewed the entries and waived numerous entries for purposes of this fee application. Waived entries include entries for reviewing short documents, transmitting and filing documents, entries that appeared to potentially be erroneous or excessive, and entries that counsel simply chose to waive as an exercise of further billing judgment. Counsel also reduced certain quarter-hour (0.25) entries to one-tenth of an hour (0.1).[18] Entries that were never charged to Mr. Taylor reflect a value of "NOT CHARGED" in the "Amount" column. Entries that were waived in connection with this fee application reflect a value of "WAIVED" in the "Amount" column.

---

[17] Ex. D at ¶ 13; Ex. E at ¶ 7.
[18] Ex. D at ¶¶ 14-15; Ex. E at ¶¶ 8-10.

10

Counsel also edited the wording of certain entries for purposes of clarification and grammar and added entries from December 2021 (which have not yet been billed to Mr. Taylor) to the spreadsheet. Counsel then used the spreadsheet to create a Word document, which was converted to PDF and then attached hereto as Exhibit A.[19]

Plaintiff respectfully submits that the hours billed herein reflect a reasonable amount of time prosecuting this case. Mr. Taylor first consulted with Smith Law Firm in November 2017. Before filing suit under the FRSA, Mr. Taylor was required to submit a complaint to the United States Occupational Safety and Health Administration ("OSHA"). After submitting the lengthy, detailed complaint, Mr. Taylor submitted to an interview with OSHA Investigator Hilary Rivera. Then, the parties engaged in discovery and further briefing. Plaintiff requested a "kick-out" in October 2018 and filed suit on December 31, 2018.

This case was factually complicated and turned on detailed issues of railroad maintenance and management. Five (5) depositions were conducted. The parties propounded and responded to four (4) sets of written discovery. Defendant filed a motion for summary judgment on April 17, 2020, which, including attachments, was over two-hundred (200) pages long.[20] Plaintiff's opposition was forty-five (45) pages long[21] and was followed by a reply.[22] Both parties produced expert reports and supplemental expert reports. The parties made every effort to resolve this matter, engaging in settlement discussions and participating in a private mediation, but were ultimately unsuccessful. The trial of this matter lasted four (4) days. Thus, Plaintiff respectfully submits that the hours spent by his counsel on this case were reasonable.

Plaintiff's counsel billed the following hours (which include hours that have been waived

---

[19] Ex. D at ¶¶ 14-15; Ex. E at ¶¶ 10-12.
[20] R. Doc. 31.
[21] R.Doc. 34.
[22] R.Doc. 36.

or not charged, due to the undersigned's limited proficiency in the use of Microsoft Excel):

1. Attorney J. Arthur Smith, III billed 119.85 hours;

2. Attorney Robert Moseley Schmidt billed 409.30 hours;

3. Attorney J. Arthur Smith, IV billed 14.5 hous;

4. Paralegals Jerel Giarrusso, DeLinda Dowden, and Jill Jordan billed 65.5 hours; and

5. Law clerk Alexis Curtis billed 14.00 hours.

Plaintiff's counsel billed 623.15 hours in total and has waived (or otherwise not charged) 30.75 hours, and is therefore seeking to be compensated for a total of 592.4 hours.

Because Local Rule 54(b)(1) of this Honorable Court requires a party seeking attorneys' fees to submit a time sheet "in both narrative and statistical form," Plaintiff will provide herein a general breakdown of the time spent on different tasks in this case.[23]

### A. Pre-OSHA

Plaintiff's counsel seeks to be compensated for 38.5 hours from November 1, 2017 through May 17, 2018. This time consisted of drafting a complaint (prior to making the determination to proceed with OSHA under the FRSA), discussing the facts of the case with Mr. Taylor, researching various laws and potential causes of action, and determining to proceed under the FRSA.

### B. OSHA

Plaintiff's counsel seeks to be compensated for 38.25 hours from May 18, 2018 through December 7, 2018. This time included drafting the OSHA complaint, corresponding with Ms. Rivera, responding to requests for information and documentation, requesting information and documentation from Union Pacific, drafting a response memorandum, and performing legal research.

---

[23] The categorization of the time spent in this section is not perfect. Several categories contain time entries that do not fit the description of the work provided in each subsection. Most of these deviations are minor, except where noted.

12

### C. Plaintiff's Complaint

Plaintiff's counsel seeks to be compensated for 5.2 hours worked by Mr. Schmidt in preparing Mr. Taylor's complaint from December 10-18, 2018. This time included reviewing documents, performing research, and drafting the complaint and other initiating documents.

### D. Early Litigation

Plaintiff's counsel seeks to be compensated for 20.25 hours from January 2 through April 10, 2019. This time was spent fulfilling counsel's required during the initial phase of a federal lawsuit, including securing service, the drafting of the status report and scheduling order, corresponding with opposing counsel, and drafting and submitting initial disclosures. Of this time, 5.5 hours have been waived, reduced, or otherwise not charged.

### E. Written Fact Discovery

Plaintiff's counsel seeks to be compensated for 14.05 hours f rom April 11 through June 7, 2019. This time primarily included drafting written discovery requests and responses, conferring with Mr. Taylor regarding documents and information to produce and request, and reviewing discovery responses by Union Pacific.

Plaintiff's counsel seeks to be compensated for 5.7 hours from October 1 through November 27, 2019, which time primarily consisted of preparing Plaintiff's third set of discovery requests, preparing a motion to extend discovery, and conferring with opposing counsel regarding Union Pacific's discovery responses (including a Rule 37 conference).

### F. Depositions

Plaintiff's counsel seeks to be compensated for 51.3 hours from June 21 through September 30, 2019. This time primarily related to depositions and included discussing potential depositions with Mr. Taylor, reviewing documents, corresponding with opposing counsel regarding

depositions, drafting outlines for the depositions of Union Pacific's agents, and attending the depositions of Mr. Taylor, Kenneth Stuart, Jacob Gilsdorf, and Mark Wheeland.[24]

### G. Expert Discovery

Plaintiff's counsel seeks to be compensated for 37.4 hours from December 3, 2019 through March 24, 2020. This time primarily related to expert discovery and included discussions with Plaintiff's expert, Dr. Lamar Jones, providing information to Dr. Jones, responding to a document request by Union Pacific, corresponding with Dr. Jones regarding his draft reports, performing research, and preparing for and defending Dr. Jones's deposition.

### H. Union Pacific's Motion for Summary Judgment

Plaintiff's counsel seeks to be compensated for 50.75 hours from April 16 through May 8, 2020. This time primarily involved Union Pacific's motion for summary judgment and included reviewing the motion and attachments, performing research, meetings and discussions between counsel and with Mr. Taylor, and drafting Plaintiff's opposition and related documents (such as Mr. Taylor's declaration, a response to Defendant's statement of facts, etc.).[25]

Plaintiff's counsel seeks to be compensated for 1.1 hours from May 22 through June 2, 2020. This time also related to Defendant's motion for summary judgment and included receipt and review of Defendant's reply and drafting a motion to file Plaintiff's response to Defendant's statement of facts out of time.

### I. Settlement Negotiations

Plaintiff's counsel seeks to be compensated for 12.25 hours from May 9-19, 2020. This time primarily involved settlement negotiations and included discussing potential offers with Mr.

---

[24] Some of the time billed during this period involved written discovery and document production.
[25] Some of the time billed during this period involves Union Pacific's expert, Dr. Robert Eisenstadt, and his reports.

Taylor and among counsel, performing research, negotiating with opposing counsel, and drafting and submitting a settlement offer.

Plaintiff's counsel seeks to be compensated for 75.75 hours from June 9 through November 25, 2020. This time also primarily involved settlement efforts and included preparing for mediation, drafting an affidavit of settlement efforts and a motion to continue the trial, submitting documentation and a position paper to the mediator, and attending the mediation.

This time also includes 33.5 hours billed by contract paralegal Jill Jordan for summarizing the depositions in this case for use at trial.

### J. Miscellaneous Case Management

Plaintiff's counsel seeks to be compensated for 14.45 hours from December 14, 2020 – September 20, 2021. This time included reviewing the Court's order denying Defendant's motion for summary judgment, drafting a motion to continue the trial and conferring with counsel regarding same, a status conference with the Court, and further settlement discussions.

### K. Trial Preparation

Plaintiff's counsel seeks to be compensated for 30.35 hours from September 21 through October 12, 2021. This time primarily included working on pre-trial deadlines (including the joint pretrial order, jury instructions, and verdict form), conferring with opposing counsel and co-counsel regarding same, research, and some general trial preparation such as meeting with witnesses and discussing strategy.

Plaintiff's counsel seeks to be compensated for 91.25 hours from October 13-31, 2021. This time primarily includes trial preparation, such as reviewing documents, meeting with Mr. Taylor, preparing witness outlines, conferring with counsel regarding strategy, attending the pretrial conference and courtroom training, and preparing the opening statement.

### L. Trial

Plaintiff's counsel seeks to be compensated for 69.2 hours billed by Mr. Smith, III and Mr. Schmidt from November 1-4, 2021, which time included attending trial, meeting with counsel and Mr. and Mrs. Taylor, and preparing the closing argument.

### M. Post-Trial

Plaintiff's counsel seeks to be compensated for 39.4 hours from November 5 through December 20, 2021. This time included preparation of this fee motion and attachments (including drafting declarations, conferring with declarants, creating and formatting Exhibit A, and research) and discussions with co-counsel and opposing counsel regarding this fee motion and post-trial motions for equitable relief such as front pay.

## V. PLAINTIFF IS ENTITLED TO NON-TAXABLE EXPENSES

The FRSA provides that a successful plaintiff is entitled to "litigation costs" and "expert witness fees." 49 U.S.C. § 20109(e)(2)(C). Certain costs are taxable under 28 U.S.C. § 1920 and will be addressed in a separate application to the Clerk of Court in accordance with Local Rule 54(c) of this Honorable Court and Rule 54(d)(1) of the Federal Rules of Civil Procedure. This motion only seeks attorneys' fees and ***non-taxable*** costs under and Fed. R. Civ. P. 54(d)(2).

The following costs are taxable:

> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title [28 USCS § 1923];

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

In this motion, Plaintiff seeks to be reimbursed for the following costs and expenses, which are not taxable under § 1920:

| **DATE** | **DESCRIPTION** | **AMOUNT** |
|---|---|---|
| Nov-03-17 | File Setup Fee | 150.00 |
| Jan-08-18 | Westlaw Research Charges- December 2017 | 4.02 |
| May-31-18 | Postage - May 2018 | 7.35 |
| Jun-12-18 | Westlaw Research Charges- May 2018 | 170.52 |
| Sep-30-18 | Postage- September 2018 | 5.99 |
| Oct-05-18 | Westlaw Research Charges - September 2018 | 47.60 |
| Jan-07-19 | Westlaw Research Charges- December 2018 | 28.16 |
| Feb-06-19 | Westlaw Research Charges- January 2019 | 1.72 |
| Mar-31-19 | FAX Charge- March 2019 6@ 1.00 | 6.00 |
| | Postage- March 2019 | 1.30 |
| Apr-10-19 | Westlaw Research Charges- March 2019 | 5.30 |
| May-07-19 | Westlaw Research Charges- April 2019 | 1.82 |
| Jun-11-19 | Westlaw Research Charges - May 2019 | 15.30 |
| Jun-30-19 | Postage- June 2019 | 1.30 |
| Aug-09-19 | Westlaw Research Charges- July 2019 | 1.01 |
| Aug-31-19 | Postage- August 2019 | 0.65 |
| Sep-06-19 | Westlaw Research Charges-August 2019 | 6.32 |
| Sep-30-19 | Postage - September 2019 | 2.95 |
| Oct-07-19 | Westlaw Research Charges- September 2019 | 30.42 |
| Oct-31-19 | Postage- October 2019 | 1.00 |

| | | |
|---|---|---|
| Dec-23-19 | Dr. Lamar Jones - Expert Report[26] | 1,500.00 |
| Dec-31-19 | Postage - December 2019 | 0.50 |
| Jan-31-20 | LexisNexis Research- January 2020 | 13.43 |
| Feb-29-20 | LexisNexis Research - February 2020 | 39.33 |
| | Postage- February 2020 | 0.50 |
| Mar-18-20 | Law Office of Richard Seymour, PLLC - Calculation of Comparative Loss in Pension Benefits (2/19/2020)[27] | 145.50 |
| Mar-31-20 | LexisNexis Research- March 2020 | 23.90 |
| Apr-30-20 | LexisNexis Research - April 2020 | 20.95 |
| May-31-20 | FAX Charge - May 2020 2 @ 1.00 | 2.00 |
| | LexisNexis Research- May 2020 | 104.70 |
| | Postage - May 2020 | 0.50 |
| Jun-30-20 | LexisNexis Research- June 2020 | 0.91 |
| Jul-31-20 | FAX Charge - July 2020 2@ 1.00 | 2.00 |
| Oct-31-20 | FAX Charge- October 2020 4@ 1.00 | 4.00 |
| | Postage- October 2020 | 0.50 |
| Nov-30-20 | LexisNexis Research- November 2020 | 13.50 |
| Dec-04-20 | Perry Dampf Dispute Solutions - Mediation Services on November 24, 2020[28] | 1,932.37 |
| Dec-31-20 | Postage - December 2020 | 1.00 |
| Aug-31-21 | LexisNexis Research August 2021 | 26.22 |
| Oct-26-21 | Thomas E. Aswell - Subpoena Service on | 453.50 |

---

[26] *See* Ex. J (Invoices & Receipts of Non-Taxable Expenses) at 6.
[27] *See* Ex. J at 3-5.
[28] *See* Ex. J at 2.

|  |  |  |
|---|---|---|
|  | Douglass Trauth, Nicholas Isaac, and Brad Usea[29] |  |
| Oct-31-21 | LexisNexis Research- October 2021 | 108.68 |
|  | Postage- October 2021 | 2.12 |
| **TOTAL** |  | $4,882.72 |

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that his motion should be granted. The time and expenses sought herein are from November 1, 2017 through December 20, 2021. Plaintiff will supplement this motion with an application for fees and expenses incurred after December 20, 2021 once a final judgment is entered herein.

**RESPECTFULLY SUBMITTED:**

SMITH LAW FIRM

  /s/ Robert Moseley Schmidt
J. ARTHUR SMITH, III, T.A.
La. Bar Roll No. 07730
ROBERT MOSELEY SCHMIDT
La. Bar Roll No. 37934
J. ARTHUR SMITH, IV
La. Bar Roll No. 37310
830 North Street
Baton Rouge, LA 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
*Attorneys for Plaintiff,*
*Johnny Taylor*

---

[29] *See* Ex. J at 1. Mr. Aswell is a private process server. *See* Ex. D at ¶ 18. Fees of private process servers are not taxable under § 1920. *See In re ENSCO Offshore Co.*, 2017 WL 631936, 2017 U.S. Dist. LEXIS 22366, at *25-27 (S.D. Tex. Feb. 16, 2017); *Baisden v. I'm Ready Prods.,* 793 F. Supp. 2d 970, 974-75 (S.D. Tex. 2011).

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that the above and foregoing has this day been electronically filed with the Clerk of Court of the United States Middle District of Louisiana, and that a copy of same has been served upon all counsel of record by automatic operation of the Court's ECF/ECM case filing system.

  Baton Rouge, Louisiana this 21st day of December, 2021.

          */s/ Robert Moseley Schmidt*
          Robert Moseley Schmidt