# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY TAYLOR

VERSUS

UNION PACIFIC RAILROAD
COMPANY, INC.

CIVIL ACTION

18-1110-SDD-EWD

## RULING

This matter is before the Court on the *Renewed Motion for Judgment as a Matter of Law*[1] filed by Defendant, Union Pacific Railroad Company, Inc. ("Union Pacific"). Plaintiff Johnny Taylor ("Taylor") filed an *Opposition.*[2] For the reasons that follow, the Court finds that the *Motion* shall be DENIED.

## I.    FACTUAL BACKGROUND

On November 4, 2021, after a four-day trial, the jury returned a verdict in favor of Plaintiff Johnny Taylor, finding that Union Pacific terminated him in violation of the Federal Railroad Safety Act ("FRSA").[3] Union Pacific now renews the motion for judgment as a matter of law that it originally made at trial, arguing that Taylor failed to establish that his alleged protected activity was a contributing factor in his termination, as required by the law, and that Union Pacific successfully demonstrated that it would have terminated Taylor regardless of his alleged protected activity. Taylor counters that Union Pacific misrepresents the relevant legal standards applicable to his claim and that the jury's findings were reasonable and well-supported by the evidence and the law. Having

---

[1] Rec. Doc. No. 88.
[2] Rec. Doc. No. 97.
[3] Rec. Doc. No. 73.

reviewed the briefs and the evidence cited by the parties, the Court is not persuaded that judgment as a matter of law is supported by the record.

## II.     LAW AND ANALYSIS

### a. Judgment as a Matter of Law

The Court may grant a motion for judgment as a matter of law only if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."[4] Thus, "[a] motion for judgment as a matter of law ... in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict."[5] "Motions for judgment as a matter of law should be granted only if 'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.'"[6] "On the other hand, if 'there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied.'"[7] For these motions, the Court "consider[s] all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party."[8] Further, as the Fifth Circuit has explained:

> "We are wary of upsetting jury verdicts[.] ... It is not our charge to decide which side has the more persuasive case. For, "it is the function of the jury as the traditional finder of the facts, and not for the Court, to weigh

---

[4] Fed. R. Civ. P. 50(a)(1).
[5] *Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997) (quoting *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)).
[6] *College Network, Inc. v. Moore Educ. Publishers, Inc.,* 378 Fed. Appx. 403, 407 (5th Cir. 2010) (quoting *Brown v. Bryan Cty.*, 219 F.3d 450, 456 (5th Cir. 2000)).
[7] *College Network*, 378 Fed. Appx. at 407 (quoting *Brown*, 219 F.3d at 456).
[8] *Brown*, 219 F.3d at 456 (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996)).

conflicting evidence and inferences, and determine the credibility of witnesses."[9]

    b. Analysis

Having carefully considered the matter, the Court finds that the instant *Motion* should be denied. Union Pacific raises several arguments, none of which in the Court's view undermine the reasonableness of the jury's verdict. It is useful at this juncture to set forth the elements that Taylor was bound to prove at trial to succeed on his FRSA retaliation claim. It was Taylor's burden to demonstrate "by a preponderance of the evidence that "(1) []he engaged in protected activity; (2) the employer knew that []he engaged in the protected activity; (3) []he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action."[10] The parties agree on the applicable standard up to that point, but Union Pacific's first argument for judgment as a matter of law calls for this Court to "follow the law of the Second, Seventh, and Eighth Circuits and . . . require Taylor to establish" an additional element or factor, namely, that Union Pacific terminated him with "a discriminatory or retaliatory motive."[11] As Taylor correctly points out,[12] the issue of whether to apply this additional burden was discussed during trial with respect to the jury instructions, and the Court declined to apply the "higher" standard, following instead the law of the Third, Ninth, and Federal Circuits, which have not required FRSA plaintiffs to establish a discriminatory or retaliatory motive. As Union Pacific notes in its brief, the Fifth Circuit has not addressed the issue.[13]  Union

---

[9] *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 692 (5th Cir. 2012)(internal citations omitted); see also *Hickson v. Herbert*, No. 13-580, 2017 WL 8793474, at *1–2 (M.D. La. Nov. 30, 2017).
[10] *Araujo v. New Jersey Transit Rail Operations, Inc.,* 708 F.3d 152, 157 (3d Cir. 2013)(quoting *Allen v. Admin. Review Bd.,* 514 F.3d 468, 475–76 (5th Cir.2008)).
[11] Rec. Doc. No. 88-1, p. 3.
[12] Rec. Doc. No. 97, p. 3-4.
[13] Rec. Doc. No. 88-1, p. 2.

Pacific does not provide the Court with any reason (apart from its own preference) to abandon the law used to instruct the jury and, after the verdict, impose an additional burden on Taylor beyond proving his *prima facie* case.

Secondly, Union Pacific argues that, even under the "lower" standard prescribed by the Third, Ninth and Federal Circuits and applied by the jury, Taylor did not present sufficient evidence to establish that his protected activity was a contributing factor to his termination. Specifically, Union Pacific contends that Taylor failed to show temporal proximity between his protected activity and his termination, and that the evidence at trial showed that other employees engaged in the same protected activity as Taylor but were not terminated.[14] The Court disagrees. There was ample evidence introduced at trial for a reasonable jury to conclude that Taylor's termination was close enough in time to instances of his protected activity to find causation.[15] The Court also rejects Union Pacific's argument that because other employees were not terminated for engaging in protected activity, it would be unreasonable for the jury to conclude that Taylor was. Evidence of how *other* employees were treated is of questionable relevance to *Taylor's* claim, especially when viewing the issue in the light most favorable to Taylor, here the non-movant.

Lastly, Union Pacific seeks judgment as a matter of law because it believes that it proved at trial, by clear and convincing evidence, that it would have taken the same adverse employment action against Taylor even if he had not engaged in protected activity. The jury disagreed, finding that "no," Union Pacific did not prove such.[16] At the

---

[14] Rec. Doc. No. 88-1, p. 4.
[15] See Taylor's brief at Rec. Doc. No. 97, p. 17 *et seq* and attendant citations to the trial transcript.
[16] Rec. Doc. No. 73, p. 1.

summary judgment stage in this case, the Court rejected Union Pacific's argument that Taylor's refusal to sign the Performance Improvement Plan was an independent basis for terminating him and was somehow separable from his protected activity.[17] At trial, Taylor argued that "the proposed PIP was itself retaliatory [and] would be used to justify his termination."[18] The jury apparently found this interpretation of the evidence more credible than the one offered by Union Pacific, and the Court will not disturb that credibility determination. Likewise, as the Court held in denying summary judgment, the railroad's evidence that Taylor was insubordinate was subject to multiple interpretations. The jury found in favor of Taylor, and Union Pacific has not demonstrated that their finding was so manifestly wrong or unsupported by evidence that the extraordinary remedy of judgment as a matter of law is merited. Overall, the Court concludes that the jury had a legally sufficient basis to find for Taylor. Therefore, this motion must be denied.

### III.    CONCLUSION

For the above-stated reasons, Union Pacific's *Renewed Motion for Judgment as a Matter of Law*[19] is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28th day of July, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[17] *See* Rec. Doc. No. 48, p. 24.
[18] Rec. Doc. No. 97, p. 29.
[19] Rec. Doc. No. 88.