UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY TAYLOR                                               CIVIL ACTION

VERSUS                                                      18-1110-SDD-EWD

UNION PACIFIC RAILROAD
COMPANY, INC.

### RULING

This matter is before the Court on the *Motion for Conditional Remittitur*[1] filed by Defendant, Union Pacific Railroad Company, Inc. ("Union Pacific"). Plaintiff Johnny Taylor ("Taylor") filed an *Opposition*,[2] to which Union Pacific filed a *Reply*.[3] For the reasons that follow, the Court finds that the Motion shall be denied.

**I.    BACKGROUND**

On November 4, 2021, after a four-day trial, the jury awarded Plaintiff Johnny Taylor $1,035,349.36, finding that he was wrongfully terminated by Union Pacific in violation of the Federal Railroad Safety Act ("FRSA").[4] Taylor argued, and the jury found, that he engaged in FRSA-protected activity during his tenure at Union Pacific and that his protected activity was a contributing factor in the railroad's decision to terminate him. The jury awarded Taylor back pay plus $300,000 for "past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life"[5] and $423,000 for "*future* pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life."[6] The $423,000 in future

---

[1] Rec. Doc. No. 87.
[2] Rec. Doc. No. 94.
[3] Rec. Doc. No. 101.
[4] Rec. Doc. No. 73.
[5] *Id*.
[6] *Id*.

damages is the focus of the instant motion. Union Pacific urges the Court to remit Taylor's award for future pain and suffering in light of his testimony at trial that his pain and suffering has dissipated significantly and that, in his view, he is now "95 percent" recovered. Union Pacific contends that because the testimony established that "the harm had ended almost entirely,"[7] the $423,000 award is excessive and "cannot be squared with the record."[8] In Union Pacific's view, it is "elementary"[9] that if the jury valued past damages at $300,000 and Taylor's suffering is much diminished from past levels, the future award should be less, much less, than the award for past pain and suffering.

Taylor rejects the idea of remittitur, arguing that "awards of emotional damages cannot be determined with mathematical precision"[10] and that the future damages award is naturally larger because the past damages contemplated roughly 4 years of pain and suffering, from Taylor's termination until the verdict, while the future damages cover the rest of Taylor's life (roughly 27 years according to life expectancy statistics, he figures). Taylor calculates that the past damages represented an annual award of $81,300.81 during the four years considered, while the future damages award comes out to $15,667.67 annually. This award is appropriate, Taylor contends, because despite the improvement in his symptoms, his "injuries have not subsided and there is no indication that they will."[11] In its *Reply*, Union Pacific submits that notwithstanding these calculations, there is simply no evidence to support the future damages award: "no medical evidence, no psychiatric evidence, not even Mr. Taylor's own testimony."[12]

---

[7] Rec. Doc. No. 87-1, p. 3.
[8] *Id*. at p. 4.
[9] *Id*. at p. 5.
[10] Rec. Doc. No. 94, p. 3.
[11] *Id*. at p. 6.
[12] Rec. Doc. No. 101, p. 2.

## II.   LAW AND ANALYSIS

### a. Motions for Remittitur

"'The trial judge in the federal system. . .[has] discretion to grant a new trial if the verdict appears to [the judge] to be against the weight of the evidence."[13] That discretion extends to "overturning verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)."[14] Reversing a verdict for excessiveness is not appropriate "except on the strongest of showings."[15] When a strong showing is made that the jury's award "exceeds the bounds of reasonable recovery,"[16] the United States Court of Appeals for the Fifth Circuit instructs that courts should "apply the loosely defined 'maximum recovery rule' when deciding whether a remittitur is in order."[17] The maximum recovery rule counsels courts to "decline to reduce damages where the amount awarded is not disproportionate to at least *one factually similar case* from the relevant jurisdiction."[18] However, the Fifth Circuit has also held that the maximum recovery rule "does not apply when unique facts or circumstances are present that are not reflected within the controlling caselaw."[19]

### b. Analysis

The law counsels that the jury's award should be disturbed only upon a strong showing that it was excessive or unreasonable. To that end, Union Pacific cites Taylor's testimony that, at the time of trial, the pain and suffering he endured after his termination

---

[13] *Gasperini v. Ctr. for Humans., Inc.,* 518 U.S. 415, 433 (1996)(quoting *Byrd*, 356 U.S., at 540, 78 S.Ct., at 902).
[14] *Id.*
[15] *In re Parker Drilling Offshore USA LLC*, 323 F. App'x 330, 333 (5th Cir. 2009).
[16] *Id.*
[17] *Id.*
[18] *Douglass v. Delta Air Lines, Inc.*, 897 F.2d 1336, 1344 (5th Cir. 1990)(emphasis original).
[19] *Poliner v. Texas Health Sys.,* 239 F.R.D. 468, 474 (N.D. Tex. 2006), *rev'd on other grounds*, 537 F.3d 368 (5th Cir. 2008). *See also Lebron v. United States*, 279 F.3d 321, 326 (5th Cir. 2002).

was roughly 95 percent resolved. Thus, Union Pacific figures that a reasonable award for future damages would be $15,000 – 5 percent of the $300,000 value the jury assigned to past damages.[20] On this point, the Court is persuaded by Taylor's counterargument that although the $423,000 future award may seem disproportionate in light of Taylor's testimony regarding the improvement of his symptoms, when divided across Taylor's remaining years, it is relatively modest, and not irrational. And, as Union Pacific concedes, pain and suffering awards are "not an exact science."[21]

Taylor testified that his pain and suffering continue, albeit at a reduced level. At trial, Taylor presented evidence that he has been unable to find another railroad job and testified that he loved his job at Union Pacific, took pride in his work, and derived self-respect from working on the railroad. Taylor also testified that he took pride in being the sole provider for his family before his termination, a role that he no longer fulfills, since his wife has taken a job to make up for his significantly reduced salary as a public school teacher. Testimony also established that Taylor continues to have trouble sleeping. The jury considered the above and deliberated to arrive at the amount of $423,000. The Court is not inclined to reduce that amount or set it aside based on Union Pacific's somewhat simplistic argument. In the Court's view, Union Pacific has not succeeded in making the requisite strong showing that the jury's award "exceeds the bounds of reasonable recovery."[22] Thus, the "maximum recovery rule" and the necessity of considering analogous cases is not triggered. Even if it were, Union Pacific is clear that it "does not

---

[20] Rec. Doc. No. 87-1, p. 5.
[21] *Id*.
[22] *In re Parker Drilling Offshore USA LLC*, 323 F. App'x 330, 333 (5th Cir. 2009).

contend that the award is out of line with awards in other cases."[23] Accordingly, Union Pacific's *Motion* shall be DENIED.

## III.     CONCLUSION

For the reasons stated above, Union Pacific's *Motion for Conditional Remittitur*[24] is hereby DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 9th day of August, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. No. 101, p. 3.
[24] Rec. Doc. No. 87.