UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHNNY TAYLOR

versus

UNION PACIFIC RAILROAD
COMPANY, INC.

CIVIL ACTION

18-1110-SDD-EWD

**RULING**

This matter comes before the Court on the *Motion for Attorneys' Fees and Non-Taxable Expenses*[1] filed by Plaintiff, Johnny Taylor ("Taylor"). Defendant, Union Pacific Railroad Company, Inc. ("Union Pacific") filed an *Opposition*.[2] For the reasons that follow, the Court finds that Taylor's *Motion* shall be granted.

**I.    Background**

On November 4, 2021, after a four-day trial, the jury awarded Plaintiff Johnny Taylor $1,035,349.36, finding that he was wrongfully terminated by Union Pacific in violation of the Federal Railroad Safety Act ("FRSA").[3] Under FRSA, the prevailing plaintiff's attorneys are entitled to reasonable attorneys' fees.[4] Come now Taylor's attorneys, who move for those fees, as well as for reimbursement of some litigation costs. Defendant Union Pacific counters that Taylor "is not entitled to any form of relief,"[5] pointing to its *Motion for Judgment as a Matter of Law*, wherein it argues that Taylor "did not present adequate evidence to succeed on his claim as a matter of law and the Court

---

[1] Rec. Doc. No. 83.
[2] Rec. Doc. No. 91.
[3] Rec. Doc. No. 73.
[4] 49 U.S.C. § 20109(e)(2)(C).
[5] Rec. Doc. No. 91, p. 1.

should render judgment in favor of UP."[6] The Court denied that motion.[7] Since the jury's verdict stands, Taylor's attorneys are entitled to reasonable attorneys' fees. Union Pacific states that it does not challenge the amount of fees and expenses sought by Taylor.[8] The Court turns now to the arguments of the parties and the applicable law.

## II.    Attorneys' Fees

Taylor seeks attorneys' fees in the amount of $150,518.75.[9] This figure reflects 592.4 hours of work by Taylor's attorneys; although his counsel billed 623.15 hours in this case, they aver that "30.75 hours have been waived or reduced in the exercise of billing judgment in connection to this fee application, or were otherwise not charged to Mr. Taylor."[10] Three attorneys represented Taylor in this case, billing $450 per hour (J. Arthur Smith, III) and $225 per hour (Robert Moseley Schmidt and J. Arthur Smith, IV).[11] The paralegals and law clerks who worked on Taylor's behalf billed at a rate of $100 per hour.[12]

Taylor submits his counsel's detailed billing records for this matter, as well as a *Declaration* from each attorney who billed hours in this case. Each *Affidavit* sets forth the years of practice by each billing attorney and the actions taken in this case. Additionally, Taylor furnishes three affidavits from local attorneys who attest that, in their opinion and based on their knowledge of market rates charged by attorneys in the Middle District of Louisiana, the hourly rates charged by Taylor's counsel are within the reasonable range.[13]

---

[6] *Id.*
[7] Rec. Doc. No. 127.
[8] Rec. Doc. No. 91, p. 1.
[9] Rec. Doc. No. 83-1, p. 1.
[10] *Id.*
[11] *Id.* at p. 4.
[12] *Id.*
[13] *See* Rec. Doc. No. 83-8; 83-9; 83-10.

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[14] The "lodestar" analysis involves a two-step procedure.[15] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[16] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[17]

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[18] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[19] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[20]

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the

---

[14] *In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143 (1994).
[15] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[16] *Id.* at 324.
[17] 488 F.2d 714, 717–19 (5th Cir.1974).
[18] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436–37.
[19] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Parish School Board,* 919 F.2d 374, 379 (5th Cir. 1990).
[20] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).

reasonable hourly rate for each participating attorney.[21]  The party seeking the fee bears the burden of proof on this issue.[22]

The Court begins by determining whether the number of hours claimed by Taylor's attorneys is reasonable.[23]  Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[24]  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[25] Here, the Court finds that the 592.4 hours claimed by Taylor's attorneys is reasonable and well-documented in the submitted time sheets. As Taylor explains, this "factually complicated"[26] case proceeded from the OSHA complaint stage to the instant suit, which required written discovery, depositions, expert discovery, extensive briefing, and settlement negotiations, followed by a four-day jury trial.

The Court must also determine if the hourly rates of billing $450 per hour (for J. Arthur Smith, III) and $225 per hour (for Robert Moseley Schmidt and J. Arthur Smith, IV) are reasonable given counsels' ability, competence, experience, and skill.  An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar

---

[21] *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Associated Builders & Contractors,* 919 F.2d at 379; *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998); *Kellstrom*, 50 F.3d at 324.
[22] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom,* 50 F.3d at 324.
[23] *Migis*, 135 F.3d at 1047.
[24] M.D. La. LR54(b).
[25] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[26] Rec. Doc. No. 83-1, p. 11.

services by lawyers of reasonably comparable skill, experience and reputation."[27] The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[28]

Taylor cites ample recent Middle District case law wherein the Court approved hourly rates ranging from $300 to $375 per hour.[29] Taylor emphasizes that J. Arthur Smith, III has fifty years of experience in labor and employment litigation and that comparators for that level of experience are hard to come by. However, he does cite a 2015 Eastern District of Louisiana case where an hourly rate of $450 per hour was approved for an attorney with forty years of experience.[30] Here, the Court finds that the hourly rate of $225 billed by attorneys Schmidt and Smith, IV is in line with prevailing rates in the Middle District and that the hourly rate of $450 billed by attorney Smith, III is appropriate in light of his extensive experience in this type of litigation. The lodestar amount, therefore, is $150,518.75, representing 409.30 hours of attorney time for attorney Schmidt, 119.85 hours for Smith, III, and 14.5 hours for Smith, IV at their respective rates, plus 65.5 hours for paralegals and 14 hours for a law clerk.[31]

After making the lodestar calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[32] The twelve *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion

---

[27] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).
[28] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).
[29] Rec. Doc. No. 83-1, p. 5.
[30] *Id*. at p. 6 (citing *Jefferson v. Baywater Drilling, LLC*, 2015 WL 7281612 (E.D. La. November 17, 2015)).
[31] Rec. Doc. No. 83-1, p. 12.
[32] 488 F.2d 714, 717–19 (5th Cir. 1974).

of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[33]

Union Pacific, which does not challenge the amount of attorneys' fees sought by Taylor, does not argue any of the *Johnson* factors. The Court finds that a consideration of the *Johnson* factors further substantiates that the lodestar calculation yielded a reasonable fee for the results achieved. In particular, the *Johnson* factors related to the time and labor required, the results obtained, the experience and ability of the attorneys, the nature and length of the professional relationship with the client strike the Court as relevant and applicable herein. Accordingly, having determined the "lodestar" reasonable hourly rates and hours for the billing attorneys, and after consideration of the *Johnson* factors, the Court finds that an attorneys' fee award in the amount of $150,518.75 is reasonable.

Taylor also seeks reimbursement for $4,882.72 in non-taxable costs and expenses. Rule 54(d) awards "costs—other than attorney's fees—... to the prevailing party," and allows a party to seek "attorney's fees and related nontaxable expenses" by filing a motion "no later than 14 days after the entry of judgment."[34] Likewise, the Federal Railroad Safety Act provides that a prevailing plaintiff is entitled to compensation for "litigation costs,"[35] including expert witness fees. Taylor includes an itemized list of certain litigation costs incurred, including postage, fees paid to legal research sites, mediation services, and expert fees.[36] As previously stated, Union Pacific has no objection to the

---

[33] *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974).
[34] Fed. R. Civ. P. 54(d)(1), (2).
[35] 49 U.S.C.A. § 20109(e)(2)(C).
[36] Rec. Doc. No. 83-1, p. 16-19.

amount of costs sought by Taylor. After reviewing Taylor's list, the Court finds these expenses to be reasonable and necessary for litigation and concludes that Taylor should be awarded the requests $4,882.72 in non-taxable costs.

### III.    Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's *Motion for Attorneys' Fees and Non-Taxable Expenses*[37] is hereby **GRANTED**. In accordance with Local Rule 54(a), the Court will refer the matter of taxable costs and expenses to the Clerk of Court's Office.

Signed in Baton Rouge, Louisiana, on <u>August 9, 2022</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. No. 83.