THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY TAYLOR | CIVIL ACTION NO. 3:18-cv-01110 |
| VERSUS | JUDGE SHELLY D. DICK |
| UNION PACIFIC RAILROAD COMPANY, INC. | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES

**MAY IT PLEASE THE COURT:**

Plaintiff, Johnny Taylor, through undersigned counsel, respectfully submits the following memorandum in support of his *Supplemental Motion for Attorneys' Fees*. For the following reasons, Plaintiff respectfully submits that his motion should be granted.

### I.    INTRODUCTION

This case was tried to a jury in November 2021, which resulted in a verdict in favor of Plaintiff.[1] On December 7, 2021, this Honorable Court rendered a *Partial Judgment* herein, awarding Plaintiff $1,035,349.36 in accordance with the jury's verdict and ordering "that the matters of front pay/reinstatement, attorneys' fees, costs, litigation expenses, and interest shall be determined by this Court at a later date."[2]

Although the December 7, 2021 *Partial Judgment* was not a final judgment, Plaintiff filed his *Motion for Attorneys' Fees and Non-Taxable Expenses* on December 21, 2021[3] out of an

---

[1] R.Doc. 73.
[2] R.Doc. 79.
[3] R.Doc. 83.

1

abundance of caution, as Fed. R. Civ. P. 54(d)(2)(B) requires that a motion for attorneys' fees and nontaxable expenses be filed "no later than 14 days after the entry of judgment." On August 9, 2022, this Honorable Court granted Plaintiff's motion in full.[4]

Plaintiff noted in his original fee application that he would supplement the motion "with an application for fees and expenses incurred after December 20, 2021 once a final judgment is entered herein."[5]

This Court has since ruled on all post-trial motions and, although a final judgment has not yet been rendered, this Court has ordered Plaintiff to submit a proposed judgment by September 23, 2022. Accordingly, Plaintiff respectfully submits this motion for attorneys' fees incurred since December 20, 2021.

Plaintiff's counsel has billed a total of 132.70 hours in this case since December 20, 2021, broken down by biller as follows:

    Robert M. Schmidt: 107.50 hours
    J. Arthur Smith, III: 11.35 hours
    Contract paralegal Jill Jordan: 11.00 hours
    J. Arthur Smith, IV: 2.60 hours

Of these 132.70 hours, 12.0 hours have been waived in connection with this motion, or were never charged to Mr. Taylor, in an exercise of billing judgment.[6] Thus, Plaintiff's counsel seeks to be compensated for a total of 120.70 hours since December 20, 2021, at the hourly rates already approved by this Court, for a total of $27,436.25.

## II.    PREPARATION OF ATTACHMENTS TO THIS MOTION

---

[4] R.Doc. 130.
[5] R.Doc. 83-1 at 19.
[6] In the attached spreadsheet (Ex. A), entries that were never charged to Mr. Taylor reflect a value of "NOT CHARGED" in the "Amount" column. Entries that were waived in connection with this fee application reflect a value of "WAIVED" in the "Amount" column. Counsel has also reduced certain quarter-hour (0.25) entries to one-tenth of an hour (0.1).

Attached hereto as Exhibit A is a timesheet prepared by Plaintiff's counsel. It includes entries that are waived in connection with this fee application and entries that were never charged to Mr. Taylor (but were included on his bill for reference) and are not being sought herein.

Plaintiff's counsel records their time each day, contemporaneously with the work performed. They then, on a regular basis, input their time into a database in PC Law, a computer program. At the end of each month, they review clients' bills for accuracy and exercise billing judgment by "no-charging" (declining to charge) certain entries.[7]

Plaintiff's counsel, with the assistance of legal assistant Lauren Collinsworth, used a printout from PC Law of all time and expenses to create an Excel spreadsheet. Counsel then coded the spreadsheet to reflect the rates and amounts sought and the total hours and amounts billed by each biller. Counsel then reviewed the entries and waived numerous entries for purposes of this fee application. Waived entries include entries for reviewing short documents, entries that appeared to potentially be erroneous or excessive, and entries that counsel simply chose to waive as an exercise of further billing judgment. Counsel also reduced certain quarter-hour (0.25) entries to one-tenth of an hour (0.1).[8]

Counsel also edited the wording of certain entries for purposes of clarification and grammar and added entries from September 2022 (which have not yet been billed to Mr. Taylor) to the spreadsheet. Counsel then used the spreadsheet to create a Word document, which was converted to PDF and then attached hereto as Exhibit A.[9]

III.    THE HOURS EXPENDED HEREIN ARE REASONABLE

---

[7] Ex. B – Decl. of Robert M. Schmidt (Sep. 23, 2022); Ex. C – Decl. of J. Arthur Smith, III (Sep. 23, 2022); Ex. D – Decl. of J. Arthur Smith, IV (Sep. 23, 2022).
[8] Ex. B.
[9] *Id.*

The vast majority of the billable time sought in this fee application consisted of responding to Defendant's *Motion for Conditional Remittitur*[10] and *Renewed Motion for Judgment as a Matter of Law*[11] as well as preparing Plaintiff's *Motion for Equitable Relief, Judicial Interest, and Evidentiary Hearing*.[12] Defendants' motions, if successful, could have drastically affected the outcome of this case and even resulted in dismissal. They deserved the utmost attention and a vigorous defense by Plaintiff's counsel. Plaintiff's motion was lengthy, complicated, and involved detailed analysis and calculation of a potential front pay award. Plaintiff's counsel had a duty to draft the motion and present it to the best of their ability, as the motion sought relief provided for by the FRSA that could not have been awarded by the jury.

Further, this Court ruled in favor of Plaintiff, entirely, on all three (3) motions. Therefore, Plaintiff respectfully submits that the 120.70 hours sought herein represent a reasonable amount of time for this work and that $27,436.25 represents a reasonable fee.

Because Local Rule 54(b)(1) of this Honorable Court requires a party seeking attorneys' fees to submit a time sheet "in both narrative and statistical form," Plaintiff will provide herein a general breakdown of the time spent on different tasks in this case.[13]

### A. Original Fee Application

Plaintiff's counsel seeks reimbursement for entries dated December 21-22, 2021 for work performed in the ***original*** fee application, which was filed December 21, 2021.[14] Attorney Rob Schmidt's work on December 21, 2021 (7.75 hours, of which 0.5 is being waived) was not included in the spreadsheet attached thereto (which only included time through December 20, 2021). The

---

[10] R.Doc. 87.
[11] R.Doc. 88.
[12] R.Doc. 111.
[13] The categorization of the time spent in this section is not perfect. Several categories contain time entries that do not fit the description of the work provided in each subsection. Most of these deviations are minor, except where noted.
[14] R.Doc. 83.

December 22, 2021 entries were for 11.0 hours of work performed by contract paralegal Jill Jordan

on December 13-15, 2021, for which Plaintiff's counsel did not receive a bill until December 22,

2021 (after the filing of the original fee application).

Plaintiff's counsel seeks a total of $2,481.25 for work performed in connection with the

prior fee application.

### B.  Defendant's Post-Trial Motions

Plaintiff's counsel billed a total of 49.3 hours from December 23, 2021 through February

16, 2021, of which 3.75 hours have been waived or not charged. The time entries during this period

primarily consisted of responding to Defendant's *Motion for Conditional Remittitur*[15] and

*Renewed Motion for Judgment as a Matter of Law*[16] and related work (such as researching the

issues, strategizing, and reviewing documents). The time entries during this period also consisted

of some preliminary research for Plaintiff's *Motion for Equitable Relief, Judicial Interest, and*

*Evidentiary Hearing*.[17]

Plaintiff's counsel seeks a total of $11,025.00 for the above-described work.

### C.  Plaintiff's Motion for Equitable Relief

Plaintiff's counsel billed a total of 38.6 hours from February 18, 20221 through June 24,

2022, of which 5.5 hours have been waived or not charged. The time entries during this period

primarily consisted of the preparation of Plaintiff's *Motion for Equitable Relief, Judicial Interest,*

*and Evidentiary Hearing*[18] and related documents (including Plaintiff's *Reply Memorandum* in

support thereof[19]) and all tasks necessary for the preparation of such documents, such as research,

reviewing and obtaining documents, and discussion of strategy.

---

[15] R.Doc. 87.
[16] R.Doc. 88.
[17] R.Doc. 111.
[18] R.Doc. 111.
[19] R.Doc. 123.

Plaintiff's counsel seeks a total of $8,032.50 for the above-described work.

### D.  The September 12, 2022 Hearing

Plaintiff's counsel billed 26.05 hours from July 5, 2022 through September 16, 2022, of which 2.25 hours have been waived or not charged. These time entries primarily consisted of preparation for and attendance at the September 12, 2021 hearing conducted herein. Although the hearing was brief and did not involve testimony, Plaintiff's counsel prepared (as was their duty) as though they would be presenting evidence and argument regarding the valuation of retirement benefits and cross-examining Union Pacific's expert regarding same.

Plaintiff's counsel seeks a total of $5,647.50 for the above-described work.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that his motion should be granted.


**RESPECTFULLY SUBMITTED:**

SMITH LAW FIRM

   */s/ Robert Moseley Schmidt*____
J. ARTHUR SMITH, III, T.A.
La. Bar Roll No. 07730
ROBERT MOSELEY SCHMIDT
La. Bar Roll No. 37934
J. ARTHUR SMITH, IV
La. Bar Roll No. 37310
830 North Street
Baton Rouge, LA 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
*Attorneys for Plaintiff,*
*Johnny Taylor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this day been electronically filed with the Clerk of Court of the United States Middle District of Louisiana, and that a copy of same has been served upon all counsel of record by automatic operation of the Court's ECF/ECM case filing system.

Baton Rouge, Louisiana this 23rd day of September, 2022.


__*/s/ Robert Moseley Schmidt*__
Robert Moseley Schmidt