UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHNNY TAYLOR

VERSUS

UNION PACIFIC RAILROAD
COMPANY, INC.

CIVIL ACTION

18-1110-SDD-EWD

## RULING

Before the Court is the *Supplemental Motion for Attorneys' Fees*[1] filed by Plaintiff Johnny Taylor ("Taylor"). No opposition was filed. For the following reasons, the *Motion* is granted.

**I.    Background**

On November 4, 2021, after a four-day trial, the jury awarded Taylor $1,035,349.36, finding that he was wrongfully terminated by Union Pacific in violation of the Federal Railroad Safety Act ("FRSA").[2] Under FRSA, the prevailing plaintiff's attorneys are entitled to reasonable attorneys' fees.[3] This Court awarded attorney's fees through December 20, 2021, in the amount of $150,518.75, for work performed before and during the trial.[4] Taylor noted in his original fee application that he would supplement the motion "with an application for fees and expenses incurred after December 2021, once a final judgment is entered herein."[5] The Court has since ruled on all post-trial

---

[1] Rec. Doc. 134.
[2] Rec. Doc. 73.
[3] 49 U.S.C. § 20109(e)(2)(C).
[4] *Taylor v. Union Pac. R.R. Co., Inc.*, 2022 WL 3219961, at *3 (M.D. La. 2022).
[5] Rec. Doc. 83-1, p. 19.

motions and entered a *Final Judgment*[6] in favor of Taylor. Taylor's attorneys now move for fees and costs incurred since December 20, 2021.

## II. Attorneys' Fees

Taylor seeks attorneys' fees in the amount of $27,436.25.[7] This figure reflects 120.70 hours of work by Taylor's attorneys, excluding 12 hours that were waived "in connection with this motion, or were never charged to Mr. Taylor, in an exercise of billing judgment."[8] Three attorneys represented Taylor in this case, billing $450 per hour (J. Arthur Smith, III) and $225 per hour (Robert Moseley Schmidt and J. Arthur Smith, IV).[9] The paralegals and law clerks who worked on Taylor's behalf billed at a rate of $100 per hour.[10] Taylor submits his counsels' detailed billing records for this matter, as well as a *Declaration* from each attorney who billed hours in this case describing the work performed since December 20, 2021.[11]

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[12] The "lodestar" analysis involves a two-step procedure.[13] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[14] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances

---

[6] Rec. Doc. 135.
[7] Rec. Doc. 134-1, p. 2.
[8] *Id.*
[9] Rec. Docs. 134-3; 134-4; 134-5.
[10] Rec. Doc. 134-3, p. 2.
[11] Rec. Docs. 134-3; 134-4; 134-5.
[12] *In re Fender,* 12 F.3d 480, 487 (5th Cir. 1994), *cert. denied,* 511 U.S. 1143 (1994).
[13] *Louisiana Power & Light Company v. Kellstrom,* 50 F.3d 319, 323-324 (5th Cir. 1995) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).
[14] *Id.* at 324.

of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[15] The party seeking the fee bears the burden of proof on this issue.[16]

Additionally, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[17] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[18]

The Court begins by determining whether the number of hours claimed by Taylor's attorneys is reasonable.[19] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[20] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[21]

Here, the Court finds that the 120.70 hours claimed by Taylor's attorneys is reasonable and well-documented in the submitted time sheets. The bulk of this time was

---

[15] 488 F.2d 714, 717-19 (5th Cir. 1974).
[16] *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324.
[17] *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir. 1990).
[18] *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).
[19] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).
[20] M.D. La. LR54(b).
[21] *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); *see also Kellstrom*, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").

spent on responding to Defendant's *Motion for Conditional Remittitur* and *Renewed Motion for Judgment as a Matter of Law*. Taylor's attorneys contend, and the Court agrees, that Defendant's motions required the "utmost attention" to avoid dismissal or alteration of the jury verdict.[22] Taylor's attorneys also spent substantial time preparing Taylor's *Motion for Equitable Relief, Judicial Interest, and Evidentiary Hearing*. The *Motion* was lengthy as it sought equitable relief under the FRSA that could not be provided by jury trial. The Court ruled in favor of Taylor on all three motions.

Regarding hourly rates, Taylor's attorneys and paralegals charged the same hourly rates approved by this Court in its previous *Ruling*.[23] For the reasons stated therein, the Court finds those hourly rates to be reasonable. The lodestar amount, therefore, is $27,436.25. This figure reflects 100.25 hours by Robert M. Schmidt at $225 per hour, 7.35 hours by J. Arthur Smith III at $450 per hour, 11 hours by paralegals at $100 per hour, and 2.10 hours by J. Arthur Smith IV at $225 per hour.[24]

After making the lodestar calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[25] The twelve *Johnson* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.[26]

---

[22] Rec. Doc. 134-1, p. 4.
[23] *See Taylor*, 2022 WL 3219961, at *2.
[24] Rec. Docs. 134-3; 134-4; 134-5.
[25] 488 F.2d 714, 717-19 (5th Cir. 1974).
[26] *Id.*

Considering the *Johnson* factors, the Court finds that the lodestar calculation is an appropriate fee for the results achieved. As in its previous *Ruling,* the Court finds particularly persuasive those *Johnson* factors relating to time and labor required, the results obtained, the experience and ability of the attorneys, and the nature and length of the professional relationship.

In sum, the Court finds that the appropriate lodestar calculation is $27,436.25 for work performed since December 20, 2021, and that such an amount is consistent with the *Johnson* factors. The Court will award attorneys' fees in the amount of $27,436.25.

### III. Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's *Supplemental Motion for Attorneys Fees*[27] is hereby **GRANTED**.

Signed in Baton Rouge, Louisiana, on March 23, 2023.

*Shelly D. Dick*
JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[27] Rec. Doc. 134.